## Commonwealth v. McKeon

*Samuel J. Halpern,* District Attorney, for Commonwealth.

*Alle O. Olin,* for defendant.

GAWTHROP, P. J.—The District Attorney of Chester County has presented his petition for leave to enter a nolle prosequi on the above bill of indictment, charging a violation of section 413 of The Penal Code of June 24, 1939, P. L. 872, as amended, 18 PS §4413, in the furnishing to the manager, editor, publisher or re-

porter of a certain daily newspaper of a false and libelous statement concerning the prosecutor, and thereby securing publication therein of such libelous statement. At argument thereon held in open court, the prosecutor stated to the court that he did not wish to proceed further with the prosecution, and through his private counsel stated further that such wish on the prosecutor's part persists without regard to any action which might be taken by the court upon four other petitions of like character presented by the district attorney on charges of common law malfeasance in office brought against the prosecutor as defendant therein to September sessions, 1962, nos. 58, 152, 153, and 154.

Both the district attorney and private counsel for the prosecutor stated that, in their respective opinions, it was doubtful as a matter of law that a prima facie case could be made out at trial on the evidence available. We have examined the record of evidence taken stenographically before the committing magistrate, as well as the verbatim copy of the alleged libelous matter as published, and conclude that such evidence, if produced at trial without more, would establish a prima facie case and require its submission to a jury.

While recognizing that any wrong inflicted by the furnishing of such a statement, if proved, is of both a public and a private nature, and that, in some instances, the desire of the prosecutor to discontinue the prosecution and waive the private wrong is entitled to serious consideration, nevertheless, in the circumstances here present we think the public interest involved in the nature of the charge outweighs the personal preference of the prosecutor to discontinue, and, for that reason, the prosecution should not be discontinued.

Accordingly, the prayer of the petition is denied, and the petition is dismissed.